NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARTINA DOREY SERRANO VAZQUEZ, | No. 19-72218 |
| Petitioner, | Agency No. A078-532-429 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2021[**]
Pasadena, California

Before: KELLY,[***] M. SMITH, and FORREST, Circuit Judges.

Petitioner Martina Dorey Serrano-Vazquez, a citizen of Mexico, seeks

review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

from the decision of an Immigration Judge (IJ) denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition for review in part and dismiss in part.

The parties are familiar with the facts and we need not restate them here. Suffice it to say that in January 2014, with two previous unlawful entries into the United States, Petitioner sought admission without valid entry documents. Pursuant to a Notice to Appear (NTA), Petitioner was charged with inadmissibility. 8 U.S.C. § 1182(a)(7)(A)(i)(I). She conceded her removability and applied for asylum, withholding of removal, and CAT relief. The basis for her claims is membership in a particular social group.

## STANDARD OF REVIEW

We review the BIA's decision except where it explicitly adopts the IJ's opinion. *Plancarte v. Garland*, 9 F.4th 1146, 1151 (9th Cir. 2021). We review legal questions de novo. *Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020). But we review the factual findings that underlie the BIA's decision for substantial evidence. *Plancarte*, 9 F.4th at 1151. We defer to the agency's findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992); *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021).

## DISCUSSION

2

**A. Exhaustion**

Petitioner argues that, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), her NTA is invalid because it does not specify the date and time of the proceeding in accordance with 8 U.S.C. § 1229(a). Accordingly, she argues that the immigration court lacks subject matter and personal jurisdiction. Not having been raised before the BIA, this issue is unexhausted. According to Petitioner, she was not required to exhaust this issue because the Supreme Court's decision in *Pereira* was not released until after her briefing before the BIA. This is incorrect: Petitioner filed her brief before the BIA on February 21, 2019, and the Court decided *Pereira* on June 21, 2018. Petitioner's failure to exhaust thus bars our review, and we must dismiss this claim. *See Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir. 2004).

**B. Asylum and Withholding of Removal**

Petitioner challenges the denial of her asylum and withholding of removal claims at large, but she does not address the agency's finding that she lacked a well-founded fear of **future** persecution because of changed circumstances. Petitioner only mentions changed circumstances when reciting the legal standard for defeating a presumption of well-founded fear. This is insufficient. Fed. R. App. P. 28(a)(8)(A); *Crime Just. & Am., Inc. v. Honea*, 876 F.3d 966, 978–79 (9th Cir. 2017). Petitioner necessarily waives any challenge to this finding. *Honea*, 876 F.3d at 979.

Moreover, the IJ's conclusion that she lacks a well-founded fear of future persecution is supported by substantial evidence given the lack of contact between Petitioner and her ex-husband for decades, which is dispositive of her asylum and withholding of removal claims. Petitioner's last contact with her former husband was over 20 years ago, and he lives "some three days' travel from the town where [Petitioner] would reside if she returns to Mexico." Given our disposition, it is unnecessary to reach the merits of Petitioner's arguments concerning particular social group membership. *See Hussain*, 985 F.3d at 642.

**C. Protection Under the Convention Against Torture**

When reviewing a claim for CAT relief, the BIA must provide its reasons and demonstrate that it has properly considered all factors. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). This includes consideration of country conditions in the record, so "[t]he failure of the IJ and BIA to consider evidence of country conditions constitutes reversible error." *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010); *see also* 8 C.F.R. § 208.16(c)(3) (2021). This is because country conditions alone can satisfy a CAT applicant's burden. *Aguilar-Ramos*, 594 F.3d at 705. Here, the IJ and the BIA did not mention the country conditions in the record. Because we cannot assume that the BIA considered evidence it does not discuss, we must remand. *Etemadi v. Garland*, 12 F.4th 1013, 1026 (9th Cir. 2021).

4

The petition for review is **DIMISSED IN PART**, **DENIED IN PART**, and **REMANDED IN PART**.